UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| SHAWN WILLIAM ERNST, | ) | |
| Petitioner, | ) ) | Civil Action No. 2: 17-219-DCR |
| V. | ) ) ) | |
| RANDY WHITE, Warden, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Respondent. | ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Petitioner Shawn William Ernst's petition to vacate his state court conviction under 28 U.S.C. § 2254. [Record No. 1] Consistent with local practice, Ernst's § 2254 motion was referred to a United States Magistrate Judge for review and issuance of a report pursuant to 28 U.S.C. § 636(b)(1)(B). United States Magistrate Judge Robert E. Wier completed an initial review of the petition and perceived it as time-barred. [Record No. 13] Ernst was permitted to file a response brief regarding the timeliness of his petition and Defendant Randy White was permitted to reply. Upon completion of briefing by the parties, the Magistrate Judge recommended that Ernst's § 2254 petition be dismissed as untimely. [Record No. 19]

Although this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which objections are made, 28 U.S.C. § 636(b)(1)(C), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). More than 14 days have passed

and neither party has filed objections to the magistrate judge's recommendation. *See id.* Nevertheless, the Court has examined the record and, having made a *de novo* determination, agrees with the Magistrate Judge's Recommended Disposition.

Shawn William Ernst was convicted in 2002 of kidnapping and murdering Sandra Kay Roberts. He was sentenced to life imprisonment for murder and life imprisonment without the possibility of parole for capital kidnapping. The Kentucky Supreme Court affirmed his convictions and sentences on April 21, 2005. *Ernst v. Com.*, 160 S.W.3d 744 (Ky. 2005). Ernst did not file a petition for writ of certiorari to the United States Supreme Court and his convictions became final on July 20, 2005. *See McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003); Sup. Ct. R. 13.

A one-year period of limitations applies to bringing an application for a writ of habeas corpus by a person in custody pursuant to a state-court judgment. 28 U.S.C. § 2244(d)(1). The limitations period does not run when a properly filed application for state post-conviction or other collateral relief is pending. § 2241(d)(2). Ernst filed a motion in state court for post-conviction relief, but he did not do so until March 25, 2008—more than two years and eight months after his conviction became final. Accordingly, his § 2254 petition was not filed within the one year limitations period and is not timely.

Ernst argues that the statute of limitations should not be enforced strictly and that equitable tolling should apply. This doctrine applies only when rare circumstances beyond the petitioner's control have prevented him from raising a timely habeas claim. *See Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). To warrant equitable tolling, the petitioner must show "that he has been pursuing his rights diligently" and "that some extraordinary

circumstance stood in his way and prevented timely filing." *Hall v. Warden*, 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010)).

Ernst presents two distinct arguments in favor of equitable tolling. The first is that he is actually innocent of capital kidnapping because the victim was already dead when he placed her body in the trunk of his car. However, Ernst has not identified any new facts which raise doubts about his guilt or undermine confidence in the result of the trial. *See Souter v. Jones*, 395 U.S. 577 (6th Cir. 2005) (citing *Schlup v. Delo*, 513 U.S. 298, 317 (1995)). Instead, he makes arguments based on the victim's autopsy report which was available at the time of trial. Accordingly, he is not entitled to equitably tolling on this basis.

Ernst also seeks equitable tolling based on allegations of mental illness and a history of childhood abuse. Ernst suggests that, during the relevant time period, he felt depressed and suffered from low self-esteem. [Record No. 16, pp. 6-7] But as the Magistrate Judge explained, general allegations of mental illness are not tantamount to mental incapacity. Further, there is no indication that Ernst lacked the ability to file a habeas petition within the one-year limitations period. He demonstrated the ability to file numerous post-conviction motions in state court, notwithstanding his allegations of longstanding mental illness. *See McSwain v. Davis*, 287 F. App'x 450, 457 (6th Cir. 2008) (citing *Price v. Lewis*, 119 F. App'x 725, 726-27 (6th Cir. 2005)). Ernst has not met his burden of establishing that he is entitled to equitable tolling on the basis of mental illness.

Finally, a Certificate of Appealability will not issue because reasonable jurists would not debate whether the Court was correct in its ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Based on the foregoing analysis, it is hereby

**ORDERED** as follows:

1. The Magistrate Judge's Recommended Disposition [Record No. 19] is **ADOPTED** and **INCORPORATED**, by reference.

2. Ernst's motion to vacate under 28 U.S.C. § 2254 [Record No. 1] is **DISMISSED**, with prejudice, and **STRICKEN** from the Court's docket.

3. A Certificate of Appealability will not issue.

This 12th day of February, 2018.

Signed By:
*Danny C. Reeves* DCR
United States District Judge